UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHAREEN TARANTINO, | § § § | No. 1:25-CV-335 |
| *Plaintiff*, | § § | |
| vs. | § § | |
| ELON R. MUSK. | § § § | |
| *Defendant*. | § § § § | |

## ORDER

Before the Court is the Report and Recommendation ("Report") filed by U.S. Magistrate Judge Dustin M. Howell on May 12, 2025. (Dkt # 4.) The Report granted Plaintiff Shareen Tarantino's ("Plaintiff" or "Tarantino") application to proceed *in forma pauperis* and reviewed her *pro se* Complaint under 28 U.S.C. § 1915(e). The Magistrate Judge recommended dismissing all of Tarantino's claims as frivolous. (Dkt. # 4 at 2–4.) Tarantino filed objections to the Report on June 4, 2025. (Dkt. # 6.)

The Court finds this matter suitable for disposition without a hearing. First, after clear error review of Tarantino's objections to the Report[1], as well as

---

[1] Tarantino's objections do not point to any specific error in the Report's analysis. Instead, the objections largely raise conclusory, boilerplate arguments without addressing the Report's legal conclusions. Such "frivolous, conclusive, or general

1

careful consideration of the record and the governing law, the Court **ADOPTS** the Report in full as the opinion of the Court. (Dkt. # 4.) Accordingly, the Court **DISMISSES** as frivolous under § 1915(e) all of Plaintiff's claims against Defendant Elon R. Musk.

## BACKGROUND

On March 3, 2025, Tarantino filed a 2-page Complaint against Defendant Elon Musk ("Defendant" or "Musk"), alleging four claims under federal law. (Dkt. # 1.) Specifically, Tarantino alleges that Musk violated the Identify Theft and Assumption Deterrence Act, Computer Fraud and Abuse Act, Electronic Communications Privacy Act ("Wiretap Act"), and the Stored Communications Act by "hack[ing] into [Tarantino's] phone, streaming device and computer" and "shar[ing] [her] personal history and information with Hollywood and the public." (Dkt. # 1 at 1.) Tarantino seeks $484 million dollars in damages as "compensation for the content and inspiration [she] provided across all channels." (Id.)

The Magistrate Judge recommended the Court dismiss all of Tarantino's claims as frivolous pursuant to 28 U.S.C. § 1915(e). (Dkt. # 7.)

---

objections" do not merit de novo review. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir.1987). Here, the Court finds that Tarantino's objections lack merit. Accordingly, the Court applies a clear-error standard of review.

## LEGAL STANDARD

I.   Review of Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific, genuine objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Having reviewed the Report and Recommendation, the relevant filings, and the applicable law, the Court finds no error in Judge Howell's well-reasoned analysis. Plaintiff's objections fail to provide any further detail on her claims and thus do not demonstrate any basis for concluding that her claims should

survive screening. The Magistrate Judge correctly concluded that Plaintiff's claims are factually "baseless" and therefore frivolous. Tarantino's insubstantial complaint failed to state a plausible claim under any of her asserted statutory causes of action.

Even affording Plaintiff the full benefit of her *pro se* status, her objections raise no new arguments of substance. A district court need not consider "[f]rivolous, conclusive, or general objections." Battle, 834 F.2d at 421. The Court finds that Plaintiff's objections do not identify any specific factual error or legal misapplication warranting rejection of the Magistrate Judge's conclusions.

Accordingly, the Court **OVERRULES** Plaintiff's objections. (Dkt. #6.) The Report is **ADOPTED** in full.

## CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Howell's Report and Recommendation (Dkt. # 4) in full and **DISMISSES** under § 1915(e)(2) all claims against Defendant.

**IT IS SO ORDERED**.

DATED: Austin, Texas, November 20, 2025.

_____
Hon. David Alan Ezra
Senior U.S. District Judge

4